SIGMUND BLUMENTHAL, RESPONDENT, *v.* ADOLPH STRAUSS AND MORRIS STRAUSS, APPELLANTS.[*]

*Dissolution of a firm by a sale of his interest by one partner to his copartners — the members of the firm purchasing such interest have no right to maintain a sign and paper heading signifying that they are successors of the original firm.*

Upon an appeal from an order granting an injunction restraining the use, by the defendants, of a firm name, it appeared that, prior to December 24, 1888, certain copartners were carrying on business at No. 444 Broadway under the name of Strauss & Co.; that on the day mentioned the firm was dissolved, Blumenthal, one of the copartners, conveying to his copartners all and singular his right, title, estate and interest in and to the assets of the said firm of any and every nature, kind and description.

Blumenthal subsequently formed a copartnership with one Boas, dealing in many of the same goods as those also dealt in by the firm of which he had theretofore been a member.

The copartners, to whom Blumenthal had conveyed his interest in that firm, thereafter continued business at No. 444 Broadway and retained the old sign of the firm on the outside of the building, adding to it another sign containing the words, " Adolph Strauss & Co., successors to," and also used the stationery of the old firm, changing it by stamping thereon the same words.

In an action brought by Blumenthal to restrain Strauss & Co. from making such use of the name of the former firm:

*Held,* that, as there was nothing in the facts and circumstances which justified the conclusion that, by the agreement of dissolution, the plaintiff designed to grant, or that the defendants expected to acquire by it the right to assert that they were the successors to the business of the old firm, or of the members of the old firm, that the defendants had no right so to employ the name of the retiring partner or to so assert in reference to the business of the original firm, and that the order should be affirmed.

*Morgan* v. *Schuyler* (79 N. Y., 490) followed.

APPEAL from an order made at Special Term held in the county of New York, which was entered in the office of the clerk of the county of New York on the 9th day of March, 1889, granting an injunction restraining the defendants from, in any way, using or displaying the name of the plaintiff or any part thereof in connection with the business carried on by the defendants or by the firm of Adolph Strauss & Co., and from maintaining the plaintiff's name or any part thereof upon the signs of the said firm in any manner, or by means of signs, circulars, advertisements or other methods, representing, describing or holding out the defendant's firm of

---

[*] See *Merry* v. *Hoopes* (111 N. Y., 415).— [REP.

Adolph Strauss & Co. as being the successors of the late firm of Strauss, Blumenthal & Co.

*Julian J. Frank*, for the appellants.

*Hamilton Wallis*, for the respondent.

BRADY, J.:

Prior to December 24, 1888, the parties to this action were copartners, carrying on business at 444 Broadway, in this city, under the firm name of Strauss & Co. It appears that on the day mentioned the firm was dissolved, the plaintiff conveying to the defendant all and singular his right, title, estate and interest in and to the assets of the said firm of any and every nature, kind and description. The plaintiff subsequently formed a copartnership with one Boas, and dealt in many of the same goods as those also dealt in by the firm of Strauss, Blumenthal & Co. The defendants have, since the dissolution, continued the business at No. 444 Broadway, and continuing the old sign of the firm on the outside of the building, added to it another sign containing the words " Adolph Strauss & Co., successors to." And it appears that they also used stationery of the old firm, changing it by stamping thereon the same words.

It will have been observed that nothing in the transfer in its whole scope grants, in any form, the right of using the plaintiff's name, or the right to declare themselves the successors of the old firm. Indeed, from the fact that the plaintiff purchased a part of the stock in trade of the old firm, the indication was of an intention to conduct a kindred business. There is nothing in the facts and circumstances, duly and closely considered, which justifies the conclusion that by the agreement of dissolution the plaintiff designed to grant, or that the defendants expected to acquire by it, the right to assert that they were the successors to the business of the old firm, or of the members of the old firm. And, in the absence of such an agreement, express or implied, there is no right so to employ the name of one of the partners on dissolution, or so to assert in reference to the whole business, since the decision of the Court of Appeals in *Morgan* v. *Schuyler* (79 N. Y., 490), a decision which has not been questioned.

That is a kindred case, and it was said, in considering the question, that it was evidently not the intention of the parties that the defendant in conducting his business was, in any manner, to use the plaintiff's name, either in combination or as Morgan & Schuyler, or in subservience to it by advertising himself the successor to that firm. And, also, that it was not claimed that there was any express contract to that effect, and that none could be implied either from the language of the agreement actually made or from any fact or circumstance connected with it. The language of the transfer in this case is no broader than in that. The learned justice in the court below considered that adjudication decisive, and in this, we think, he was right. An examination of the cases cited by the appellants does not justify a contrary conclusion. They relate to the good will of a business and to the right to its trade-marks, upon an agreement kindred to that involved in this case. It is not deemed necessary to go into a detailed statement of these various cases; but it is considered sufficient to state the general proposition that none of them involve the precise question here discussed, and which was presented to and disposed of by the Court of Appeals, as already stated. For these reasons it is thought that the order appealed from should be affirmed, with costs and disbursements.

Van Brunt, P. J., and Daniels, J., concurred.

Order affirmed, with costs and disbursements.